**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES K. FORD, | : | |
| | : | Civil Action No. 11-7200 (JAP) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| TIMOTHY VANHISE, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff pro se
James K. Ford
Somerset County Jail
P.O. Box 3000
Somerville, NJ 08876

**PISANO**, District Judge

Plaintiff James K. Ford, a prisoner confined at Somerset County Jail, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.[1]

---

[1] The "Complaint" as referenced in this Opinion and accompanying order is the Amended Complaint, docketed on February 21, 2012, docket entry no. 10.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review. Plaintiff states that a shooting occurred on March 19, 2011 at a train station in Bound Brook, New Jersey at which two individuals were shot, one of whom died. Plaintiff alleges facts related to the investigation of the incident, including witness interviews and searches for evidence, but does not specify how those relate to the prosecution of his case. Plaintiff has not offered facts related to his arrest and has not described the charges currently pending against him.

Plaintiff alleges that Damian Williams, the victim of the fatal shooting on March 19, 2011, was a confidential informant for the Bergen County Prosecutor's Office. He alleges malicious prosecution, stating that on May 11, 2011, during a grand jury hearing, Assistant Prosecutor Timothy Vanhise of the Somerset County Prosecutor's Office and witness Officer Peter Romanyszyn allegedly committed perjury "to hide vital information of the true nature of [plaintiff's] case matter," namely information

regarding the deceased, Damian Williams.  He claims that the prosecutors withheld evidence, and that the prosecutor and police officer witness perjured themselves at the grand jury proceeding.

Plaintiff seeks relief in the form of dismissal of his pending criminal indictment and monetary compensation of ten million dollars.

## II. STANDARD OF REVIEW

A.   Standards for a Sua Sponte Dismissal

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)

3

(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for dismissal of a complaint for failure to state a claim in Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court examined Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal, 129 S. Ct. at 1948). The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See Iqbal, 129 S. Ct. at 1949-50. See also Twombly, 505 U.S. at 555, & n.3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show'

4

such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

B.   Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

### III.   DISCUSSION

A.   Federal Claims

Plaintiff seeks damages against prosecutors for allegedly withholding evidence from the grand jury in his criminal proceeding. In Imbler v. Pachtman, 424 U.S. 409 (1976), the

Supreme Court held that a prosecutor is absolutely immune from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and . . . presenting the State's case," id. at 430-31, including use of misleading or false testimony and suppression of evidence favorable to the defense by a police fingerprint expert and investigating officer.  Since Imbler, the Supreme Court has held that "absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application[, but] absolute immunity does not apply when a prosecutor gives advice to police during a criminal investigation, when the prosecutor makes statements to the press, or when a prosecutor acts as a complaining witness in support of a warrant application." Van de Kamp v. Goldstein, 555 U.S. 335, 343 (2009)(citations omitted).  Because a prosecutor is absolutely immune from damages under § 1983 for presenting or withholding evidence from a grand jury, the damage claims against the prosecutors who obtained an indictment against Plaintiff will be dismissed for failure to state a claim.

To the extent that Plaintiff seeks damages from supervisory prosecutors for failing to adequately supervise, that claim fails.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of

*respondeat superior* [and] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S.Ct. at 1948.  Moreover, in Van de Kamp, the Supreme Court held that a supervisory prosecutor is absolutely immune for failing to adequately train and supervise district attorneys on the duty not to withhold impeachment evidence and failing to create any system for accessing information pertaining to the benefits provided to jailhouse informants.  See Van de Kamp, 555 U.S. at 244-45.

Plaintiff also seeks damages against the officers who he alleged falsely testified before the grand jury.  This claim fails because a witness is absolutely immune from suit for testifying falsely.  See Rehberg v. Paulk, 132 S.Ct. 1947 (2012)(witness before grand jury, like trial witness, enjoys absolute immunity); Briscoe v. LaHue, 460 U.S. 325, 330-346 (1983)(police officer who testifies in criminal trial enjoys absolute witness immunity for false testimony); Kulwicki v. Dawson, 969 F.2d 1454, 1467 and n.16 (3d Cir. 1992)(witness who testifies in judicial proceeding is absolutely immune for false testimony); Williams v. Hepting, 844 F.2d 138, 143 (3d Cir. 1988)(witness is entitled to absolute immunity from civil liability under § 1983 for perjured testimony at preliminary hearing and suppression hearings).

Plaintiff further seeks to assert a claim of unconstitutional malicious prosecution. This claim will also be dismissed. A prosecutor is absolutely immune for actions performed in the role of advocate. See Imbler, 424 U.S. at 431. A claim of malicious prosecution against an officer for a particular crime under § 1983 "alleges the abuse of the judicial process by government agents." Gallo v. City of Philadelphia, 161 F.3d 217, 225 (3d Cir. 1998). "To prove malicious prosecution under section 1983 when the claim is under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007)(footnote omitted); see also Hartman v. Moore, 547 U.S. 250 (2006). Although the police officers and officers in the prosecutor's office may have initiated a criminal proceeding against Plaintiff, Plaintiff's allegations do not show that the prosecution terminated in his favor, that the police lacked probable cause to prosecute him, or that they brought the charges maliciously. Under these circumstances, his malicious

prosecution claim against any non-immune defendants will be dismissed for failure to state a claim upon which relief may be granted.  See Baker v. Wittevrongel, 363 Fed. App'x 146 (3d Cir. 2010); Kossler v. Crisanti, 564 F.3d 181, 186-87 (3d Cir. 2009)(en banc).

Any claim Plaintiff attempts to assert against the State of New Jersey shall also be dismissed.  The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities.  See Kentucky v. Graham, 473 U.S. 159,

169 (1985). Section 1983 does not override a state's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332 (1979).

Title 28 Sections 1915(e)(2)(B)(iii) and 1915A(b)(2) require this Court to dismiss this action if it "seeks monetary relief from a defendant who is immune from such relief."

Finally, Plaintiff seeks injunctive relief in the form of an order dismissing the New Jersey State court criminal indictment against him. This claim will be dismissed because federal courts are barred from interfering with a state criminal prosecution. See Younger v. Harris, 401 U.S. 37, 45 (1971)("[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions"); Wallace v. Fegan, 455 Fed. App'x 137, 139 (3d Cir. 2011).

Because Defendants are immune from suit for damages and Plaintiff's allegations fail to otherwise state a claim under § 1983, the Court will dismiss the federal claims raised in the Complaint. The Court will not grant leave to file an amended complaint because nothing set forth in the Complaint indicates that Plaintiff could at this time assert facts that would state a cognizable claim under 42 U.S.C. § 1983 with respect to his prosecution.

B.   Supplemental Jurisdiction

To the extent that Plaintiff asserts state tort claims, the Court declines to exercise supplemental jurisdiction over these

10

claims because all federal claims over which the Court has original jurisdiction are being dismissed. 28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 383 F.2d 1277, 1284-85 (3d Cir. 1993).

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim. An appropriate order follows.

      /s/ Joel A. Pisano
      JOEL A. PISANO
      United States District Judge

Dated: July 31, 2012